IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00- 2136**

NATIONAL SATELLITE SPORTS, INC.,    Civil Action No.: _____
a Florida Corporation,

    Plaintiff,

v.

FINE FOOD SYSTEMS, INC., a Florida
corporation, d/b/a COZZOLI'S PIZZA
and BARNEY WEINKLE, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, NATIONAL SATELLITE SPORTS, INC., by and through its undersigned attorneys, sues Defendants, FINE FOOD SYSTEMS, INC., a Florida Corporation, d/b/a COZZOLI'S PIZZA and BARNEY WEINKLE, individually, and alleges as follows:

### Jurisdiction

1. This is an action for damages against the Defendants, FINE FOOD SYSTEMS, INC. d/b/a COZZOLI'S PIZZA, and BARNEY WEINKLE, individually, for acts in violation of Section 705 of the Communications Act of 1934, 47 U.S.C. §§605 and 553.

2. Jurisdiction in this Court is proper under 28 U.S.C. §1331. and 47 U.S.C. §§605 and 553.

3. Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.



**Parties**

4.  The Plaintiff, NATIONAL SATELLITE SPORTS, INC., ("PLAINTIFF") is a corporation organized and existing under the laws of the State of Florida with its principal office and place of business located in Boca Raton, Palm Beach County, Florida.

5.  The Defendant, FINE FOOD SYSTEMS, INC. ("FINE FOOD") is a Florida Corporation doing business as COZZOLI'S PIZZA, a commercial establishment, operating in the state of Florida and located at 3421 Main Highway, Coconut Grove, Florida 33131.

6.  Upon information and belief, the Defendant, BARNEY WEINKLE, ("WEINKLE") is an individual residing in Dade County, Florida and is an officer of the Defendant, FINE FOOD.

**Preliminary Background**

7   The Plaintiff entered into a closed-circuit television license agreement to distribute the closed-circuit telecast of the September 18, 1999 boxing match between Oscar De La Hoya and Felix Trinidad, from Las Vegas, Nevada, including undercard or preliminary bouts (hereinafter referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Florida and other geographical locals (the "License Agreement").

8.  The Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout Florida.

9.  The closed-circuit broadcast of the Event was not intended for the use of or the dissemination to the general public. In Florida, the closed-circuit broadcast of the

2

Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by the Plaintiff.

10. Pursuant to the License Agreement, the Plaintiff marketed and distributed the closed-circuit rights to the Event. The Plaintiff contracted with various establishments throughout Florida and granted to such establishments the right to broadcast the Event in exchange for a fee.

11. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12. The transmission of the Event was available to the Defendants, FINE FOOD and WEINKLE, ("hereinafter collectively referred to as "the Defendants") to purchase for broadcast in Florida. Had they done so, they would have been authorized to receive, transmit and publish the Event in their commercial establishment. Defendants did not, however, contract with the Plaintiff to obtain the rights to broadcast the Event.

13. The establishments which contracted with the Plaintiff to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

## COUNT I

## VIOLATION OF 47 U.S.C. §605

14. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 13 of the Complaint.

15. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

16. Upon information and belief, on September 18, 1999, in violation of the Plaintiff's rights and the Statute, the Defendants willfully intercepted, received and/or assisted in the reception of the interstate communication of the Event. The Defendants then either actively, or by rendering assistance, transmitted, divulged and published said communication of the Event to patrons within its commercial establishment, COZZOLI'S PIZZA.

17. Upon information and belief, the Defendants misappropriated the Plaintiff's licensed exhibition of the Event and infringed upon the Plaintiff's rights while avoiding proper payment to the Plaintiff. Upon information and belief, Defendants' purpose and express intent in committing these unlawful actions was to secure a financial gain and commercial advantage.

18. The Defendants enabled the patrons within its commercial establishment to view the Event to which neither the Defendants nor the patrons were entitled.

19. The persons whom Defendants permitted to view the Event would otherwise

4

have been able to view the Event at a commercial establishment only if said commercial establishment was properly licensed and authorized by the Plaintiff.

20.     The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

21.     The Defendants's unauthorized exhibition of the telecast and wrongful actions in connection with the Event were in violation of the Statute and caused substantial damage to the Plaintiff.

22.     Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Statute.

23.     By virtue of its License Agreement, the Plaintiff maintained proprietary rights in the intercepted communication of the Event. Therefore, the Plaintiff is an aggrieved person and is entitled to recover damages from the Defendants for their violations of the Statute and their interference with the Plaintiff' proprietary rights.

24.     Because of its rights with regard to distribution of the Event, the Plaintiff had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendants' acts, the Plaintiff has suffered damages including the loss of revenue which would have been derived from the delivery and exhibition of the Event to COZZOLI'S PIZZA and its patrons. The Plaintiff has further suffered damages and substantial and irreparable harm, including, but not limited to, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event. Further, the Plaintiff has also

5

suffered an unquantifiable loss of future business in those persons who will not patronize the Plaintiff' subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as COZZOLI'S PIZZA.

25. Because of the Defendants' wrongful actions, the Plaintiff is entitled to collect from the Defendants for each violation of the Statute (1) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II); (2) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to §605(e)(3)(C)(ii); and (3) full costs, including reasonable attorney's fees, pursuant to §605(e)(3)(B)(iii).

## COUNT II

## VIOLATION OF 47 U.S.C. §553

26. The Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 24 above as if the same were fully set forth herein.

27. Section 553(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

28. On September 18, 1999, in violation of 47 U.S.C. §553, the Defendants illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the Event.

29. Upon information and belief, the Defendants effected such interception or receipt of the Event through the use of an illegal decoding devices; by the manipulation of

6

the closed-circuit system authorized to carry the Event in the licensing area; by ordering the Event for a residential location and removing the decoder/converter box to Defendants' commercial location, or by such other means unknown to the Plaintiff and known only to Defendants.

30. Defendants' violations of 47 U.S.C. §553 were committed willfully and for purposes of commercial advantage and private financial gain.

31. The Plaintiff is a person aggrieved by the Defendants' violations of 47 U.S.C. §553 and is authorized to institute this action against the Defendants pursuant to §553.

32. Defendants violations of 47 U.S.C. §553 have injured and will continue to injure the Plaintiff's ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that the Plaintiff has been deprived of the benefit of subscribers to the Event and has suffered injury to its goodwill and reputation. As a further result of such violations, Defendants have gained and will continue to gain unjust profits and undeserved goodwill.

33. Unless restrained by this Court, the Defendants will continue to receive, intercept, transmit and exhibit the Plaintiff's programming illegally and without authorization in violation of 47 U.S.C. §553. The Defendants intercepted, received and publicly exhibited the Plaintiff's telecast of the Event without authorization, on at least one occasion, and the Plaintiff cannot practicably detect or determine each additional occasion on which Defendants may have intercepted, received and publicly exhibited the Event or other Plaintiff programming.

34. All conditions precedent to the Plaintiff's right to bring this action have been performed or have otherwise occurred.

35. Because of Defendants' wrongful actions, the Plaintiff is entitled to collect

7

from the Defendants for each violation of the Statute (1) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §553(c)(3)(A)(ii); (2) statutory damages in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to §553(c)(3)(B); and (3) full costs, including reasonable attorney's fees, pursuant to §553(c)(2)(C).

WHEREFORE, the Plaintiff, NATIONAL SATELLITE SPORTS, INC. prays this Court grant judgment against each Defendant, FINE FOOD SYSTEMS, INC. d/b/a COZZOLI'S PIZZA and BARNEY WEINKLE, individually, jointly and severally, as follows:

A.   Declare that Defendants' unauthorized interception, reception and public commercial exhibition of the Event, or their assistance in the performance of such unauthorized actions, was in violation of the Communications Act, 47 U.S.C. §§553 and 605 and that such violation was committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

B.   For statutory damages of Ten Thousand Dollars ($10,000.00) for each violation pursuant to §605(e)(3)(C)(i)(II);

C.   For statutory damages of One Hundred Thousand Dollars ($100,000.00) for each violation pursuant to §605(e)(3)(C)(ii):

D.   For full costs of this action, including reasonable attorney's fees pursuant to §605(e)(B)(iii);

E.   For statutory damages of Ten Thousand Dollars ($10,000.00) for each violation pursuant to §553(3)(A)(ii);

F.   For statutory damages of Fifty Thousand Dollars ($50,000.00) for each violation pursuant to §553(3)(B);

G.   An injunction permanently enjoining the Defendants, his officers, agents, servants and employees, and all those in active concert or participation with Defendants

8

from further infringing the Plaintiffs' satellite broadcast rights including, but not limited to, the commercial broadcast of closed-circuit events to which the Plaintiff holds the rights; and

H. For such other and further relief as the Court deems just and proper.

Dated this /7th day of June, 2000.

> MARCUS W. CORWIN, P.A.
> Attorneys for Plaintiff
> 7777 Glades Road, Suite 208
> Boca Raton, Florida 33434
> Tel: (561) 482-3636
> Fax: (561) 482-3959
>
> By: _____
> Jill B. Gordon, Esq.
> Florida Bar No.: 0063789
>
> Marcus W. Corwin, Esq.
> Florida Bar No.: 0764647
>
> David Tolces, Esq.
> Florida Bar No.: 0816353

JG\COZZOLI'S PIZZA/Complaint.2CT

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**00-2136-CIV-MOORE**

## I. (a) PLAINTIFFS
National Satellite Sports Inc

## DEFENDANTS
Fine Food Systems, Inc dba Cozzoli's Pizza, et al

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: **Palm Beach**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: **Dade**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-SOUTH-2136- MOORE, O'SULLIVAN

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of Marcus W. Corwin
7 Glades Road, Suite 208
Boca Raton, FL 33434 (561) 482-2626

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
O'SULLIVAN

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 Federal Question (U.S. Government Not a Party)
- ☐ 3 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS - Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.

Unauthorized interception and/or broadcast of radio signals in violation of informal Section 705 of the Communications Act of 1934 (47 U.S.C. Sections 553 and 605)

LENGTH OF TRIAL via __ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

JURY DEMAND: ☐ YES ☐ NO
CHECK YES only if demanded in complaint:

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE: 06-15-00
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 5191 AMOUNT $150.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____